IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATARINO MENDOZA,<br><br>    Plaintiff,<br><br>    v.<br><br>WILMINGTON FINANCE, a business entity, form unknown; FIVE STAR INVESTMENT AND REALTY; NEW CENTURY, a business entity, form unknown; NORTH AMERICAN TITLE COMPANY, a business entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a business entity, form unknown; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. C-10-5792 SC<br><br>ORDER GRANTING AIG'S <u>MOTION TO DISMISS</u> |

**I.   INTRODUCTION**

Plaintiff Catarino Mendoza ("Plaintiff") commenced this action on December 20, 2010, seeking damages and injunctive relief for claims arising out of a 2005 mortgage agreement. First Amended Complaint, ECF No. 7 ("FAC").  Now before the Court is a motion to dismiss Plaintiff's FAC brought by Defendant AIG Federal Savings Bank ("AIG"), formerly known as Wilmington Finance, a division of AIG Federal Savings Bank (named in Plaintiff's FAC as "Wilmington Finance").  ECF No. 22 ("Mot.").  Plaintiff filed an Opposition, and AIG filed a Reply.  ECF Nos. 27 ("Opp'n"), 28 ("Reply").  For

the following reasons, the Court GRANTS AIG's Motion, dismissing all claims against AIG WITH PREJUDICE.

**II.  BACKGROUND**

Plaintiff is a resident of San Bruno, California.  FAC ¶ 1. Around February 9, 2005, Plaintiff entered into two loan repayment and security agreements with AIG.  Id. ¶ 3.  Under the loan, Plaintiff borrowed $584,000 to refinance his personal residence in San Bruno.  Id. ¶¶ 3, 4, 6.  The terms of the loan included an initial two-year fixed interest rate of 6.5 percent followed by an adjustable rate based on the six-month LIBOR index plus 6.25 percent.  Id. ¶ 4.  Plaintiff states that the loan will eventually adjust to 12.5 percent, bringing Plaintiff's monthly payment from $3,691.28 to $6,232.79, which he characterizes as "extreme payment shock."  Id. ¶ 4.[1]  In addition, the loan has a two-year prepayment penalty requiring the borrower to pay six months' advance interest if he or she makes a full prepayment or partial prepayment of more than 20 percent of the original principal amount in any twelve-month period.  Id. ¶ 29.

Plaintiff alleges that Defendants designed the loan such that negative amortization would occur, making foreclosure inevitable. Id. ¶ 15.  Plaintiff alleges that the loan was underwritten without proper due diligence because Defendants failed to adequately verify Plaintiff's income.  Id. ¶ 32.  The FAC also makes broad

---

[1] AIG vigorously disputes Plaintiff's characterization of the loan as possessing a 12.5 percent rate after a two-year "teaser" rate, arguing that the 12.5 percent rate represents the maximum possible interest rate -- a rate reachable only if LIBOR soared to historic highs.  Reply at 1.  As it must on a Federal Rule of Civil Procedure 12(b)(6) motion, the Court assumes the truth of this and other well-pleaded facts in Plaintiffs' FAC.

2

references to the "recent economic crisis," alleging that "[t]he loan product sold to Plaintiff in this case was one of the types of loans that have contributed to the recent economic crisis." Id. ¶¶ 22, 23. Plaintiff alleges that a forensic audit of Plaintiff's loan documents revealed legal violations in the handling and processing of Plaintiff's loan, giving rise to a number of his causes of action. Id. ¶ 37.

While Plaintiff does not claim to be unable to speak English, he does state that English is not his primary language and that he "does not have comprehensive English reading or writing skills" or "an adequate command of the English language." FAC ¶ 31.

Plaintiff brings eighteen causes of action against AIG and other Defendants: declaratory relief; injunctive relief; failure to perfect interest in the deed of trust under California Commercial Code § 9313 ("failure to perfect"); breach of California's covenant of good faith and fair dealing ("bad faith"); violation of the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"); violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-17 ("RESPA"); violation of California Civil Code §§ 1632, 1916.7(a)(4)(B), 1916.7(b)(2), 1918-21, and 2932.5; rescission; fraud; unfair and deceptive acts and practices ("UDAP"); breach of fiduciary duty; unconscionability; predatory lending under California Business and Professions Code § 17200 ("UCL"); and quiet title. See FAC.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v.

3

Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1950 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and sufficiently plausible such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011).

**IV.   DISCUSSION**

Plaintiff and AIG agree that nine of the eighteen claims brought against AIG should be dismissed. AIG argues that because it assigned its interest in the loan by an assignment of mortgage recorded on December 18, 2006, Plaintiff's claims seeking relief from foreclosure and challenging the assignee's standing to pursue foreclosure are inapplicable to AIG, and as a consequence, Plaintiff's declaratory relief, injunctive relief, failure to

4

perfect, California Civil Code § 2932.5, and quiet title claims against AIG fail as a matter of law. Mot. at 5-6. AIG also argues that sections 1632, 1916.7(a)(4)(B), 1916.7(b)(2), and 1918-21 of California Civil Code either lack a private right of action or are preempted by federal law. Id. at 10-11. Plaintiff concedes both points in his Opposition. Opp'n at 6. As such, the Court DISMISSES these claims against AIG WITH PREJUDICE.

AIG argues that two of the remaining nine claims should be dismissed because they are not causes of action: AIG asserts that unconscionability is an affirmative defense to enforcement and rescission is a remedy, and neither are stand-alone causes of action separate from Plaintiff's other claims. Mot. at 12, 20. Plaintiff does not seriously challenge these arguments, and the Court agrees with AIG and DISMISSES Plaintiff's unconscionability and rescission claims WITH PREJUDICE.

This leaves two federal causes of action -- TILA and RESPA -- and five state law claims -- bad faith, fraud, UDAP, UCL, and breach of fiduciary duty. AIG argues that all of these claims are time-barred by the applicable statutes of limitations, as they accrued upon consummation of the loan agreement more than six years ago. See Mot. at 6-20.[2]

---

[2] The statute of limitations for non-insurance bad faith claims is four years. Cal. Code Civ. Proc. § 337(1). The statute of limitations for TILA damages claims is one year. 15 U.S.C. § 1640(e). The statute of limitations for RESPA is one year "from the date of the occurrence of the violation." 12 U.S.C. § 2614. The statute of limitations for fraud is three years from the time the plaintiff either discovers the facts giving rise to the fraud or could have discovered such facts with reasonable diligence. April Enters., Inc. v. KTTV, 147 Cal. App. 3d 805, 827-28 (Ct. App. 1983). The statute of limitations for UCL claims is four years. Cal. Bus. & Prof. Code § 17208. The statute of limitations for breach of fiduciary duty is four years from the breach or the time

Plaintiff does not dispute the fact that these claims are time-barred, but asks the Court to apply the doctrine of equitable tolling to these claims. Opp'n at 3. AIG counters that equitable tolling is inappropriate. Reply at 1.

"Generally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006). However, a motion to dismiss based on the statute of limitations may be granted "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Vernon v. Heckler, 811 F.2d 1274, 1278 (9th Cir. 1987). "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000).

The Supreme Court has held that TILA's rescission remedy is completely extinguished at the end of the three-year period and not subject to equitable tolling. Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412-13 (1998). Therefore, to the extent Plaintiff seeks rescission under TILA, his claim is barred.

A TILA claim for damages under 15 U.S.C. § 1640(e), however, may be subject to equitable tolling, suspending the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the

---

where the plaintiff could discover through reasonable diligence the facts concealed. Cal. Code Civ. Proc. § 343.

TILA action." King v. California, 784 F.2d. 910, 915 (9th Cir. 1986). AIG argues that because Plaintiff possessed "the information needed to support his causes of action provided to him at the time of the subject transaction [in 2005], and because he did not pursue any alternative remedy within that period," equitable tolling should not be applied. Reply at 3. Plaintiff does not dispute that he had the necessary loan documents to discover the alleged TILA violation in 2005, but argues that because English was not his "primary language," he was unaware of the alleged TILA violations "until he hired an attorney and the attorney conducted a loan audit." Opp'n at 3. Plaintiff argues that refusing to equitably toll his claims would conflict with TILA's purpose of assuring consumers receive meaningful disclosure of credit provisions so that consumers can compare credit terms available to them. Id. at 5.

Plaintiff cites no case law for his argument that AIG was obligated to offer Plaintiff Spanish-language documentation to comply with TILA. The Court finds this argument to be untenable. Plaintiff does not claim that he asked for Spanish-language loan documents or that the loan transaction was conducted in Spanish. Rather, he claims that because he lacked an "adequate command" of English, AIG's English-language disclosures did not satisfy TILA and RESPA's requirements. If Plaintiff's argument were the law, lending institutions would be required to inquire into the English proficiency of each would-be borrower and make available loan documents in a multitude of languages. Because the Court finds Plaintiff's argument to fail as a matter of law, it DISMISSES WITH PREJUDICE Plaintiff's TILA claim against AIG.

As for Plaintiff's RESPA claim, Plaintiff argues that failing to equitably toll it would frustrate RESPA's purpose of ensuring appropriate disclosure of settlement costs, arguing that "[t]he disclosures are meaningless if the borrower cannot understand them, and they are not given in a language he can understand."  Opp'n at 5-6.  AIG argues that it is not subject to equitable tolling because it is subject to a three-year statute of repose.  12 U.S.C. § 2614; Rivera v. BAC Home Loans Servs., L.P., 756 F. Supp. 2d 1193, 1199 (N.D. Cal. 2010).  The Court agrees with AIG, and DISMISSES Plaintiff's RESPA claim against AIG WITH PREJUDICE.

Regarding Plaintiff's state law causes of action, equitable tolling "halts the running of the limitations period so long as the plaintiff uses reasonable care and diligence in attempting to learn the facts that would disclose the defendant's fraud or other misconduct."  Sagehorn v. Engle, 141 Cal. App. 4th 452, 460-61 (Ct. App. 2006).  "To establish that equitable tolling applies, a plaintiff must prove the following elements: fraudulent conduct by the defendant resulting in concealment of the operative facts, failure of the plaintiff to discover the operative facts that are the basis of its cause of action within the limitations period, and due diligence by the plaintiff until discovery of those facts." Id. (citation and internal quotation marks omitted).

Plaintiff's sole allegation of "fraudulent conduct resulting in concealment" by AIG is that AIG failed to make required disclosures "in a language that Plaintiff could reasonably understand" constitutes "fraudulent conduct resulting in concealment."  Opp'n at 6.  Plaintiff essentially argues that AIG "concealed" information by offering information to Plaintiff in

8

English.  The Court finds this argument fails as a matter of law. Furthermore, Plaintiff failed to exercise due diligence by seeking help from a person capable of understanding the loan documents before he signed them.  The Court thus finds that even when the FAC is read liberally and the facts pleaded are assumed to be true, Plaintiff cannot, as a matter of law, prove equitable tolling of the respective statutes of limitations.  Accordingly, the Court DISMISSES, WITH PREJUDICE, the remaining causes of action brought against AIG.

**V.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant AIG Federal Savings Bank's Motion to Dismiss.  The Court DISMISSES, WITH PREJUDICE, all causes of action brought against AIG in Plaintiff Catarino Mendoza's First Amended Complaint.

IT IS SO ORDERED.

Dated: June 6, 2011

UNITED STATES DISTRICT JUDGE