United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CATARINO MENDOZA,                    ) Case No. C-10-5792 SC
                                     )
          Plaintiff,                 ) ORDER GRANTING MERS AND
                                     ) VERICREST'S MOTION TO
     v.                              ) DISMISS AND DENYING MERS
                                     ) AND VERICREST'S
WILMINGTON FINANCE; FIVE STAR        ) MOTION TO STRIKE
INVESTMENT AND REALTY; NEW           )
CENTURY; NORTH AMERICAN TITLE        )
COMPANY; MORTGAGE ELECTRONIC         )
REGISTRATION SYSTEMS, INC.;          )
VERICREST FINANCIAL, INC.; and       )
DOES 1 through 100, inclusive,       )
                                     )
          Defendants.                )
                                     )
                                     )
_____)

I.   **INTRODUCTION**

     Plaintiff Catarino Mendoza ("Plaintiff") commenced this action
on December 20, 2010, seeking damages, declaratory, and injunctive
relief for claims arising out of a 2005 mortgage agreement.  ECF
No. 1 ("Compl.").  Plaintiff filed a First Amended Complaint
("FAC") on February 11, 2011.  ECF No. 7 ("FAC").  Now before the
Court are a Motion to Dismiss and a Motion to Strike Plaintiff's
FAC brought by Defendants Mortgage Electronic Registration Systems,
Inc. ("MERS") and Vericrest Financial, Inc. ("Vericrest")
(collectively "Movants").  ECF Nos. 37 ("Mot. to Dismiss"); 39

**United States District Court**
For the Northern District of California

1  ("Mot. to Strike").  Plaintiff filed an Opposition to both motions

2  and Movants filed a Reply.  ECF Nos. 42 ("Opp'n"), 43 ("Reply").

3  For the following reasons, the Court GRANTS Movants' Motion to

4  Dismiss, dismissing all claims against Movants WITH PREJUDICE, and

5  DENIES Movants' Motion to Strike as moot.

6

7  **II.   BACKGROUND**

8       The following allegations are taken from Plaintiff's FAC.

9  Plaintiff is a resident of San Bruno, California.  FAC ¶ 1.  Around

10 February 9, 2005, Plaintiff entered into two loan repayment and

11 security agreements with defendant Wilmington Finance

12 ("Wilmington").  Id. ¶ 3.  MERS is the "current mortgage

13 nominee/beneficiary" of the loan.  Id. ¶ 10.  Plaintiff does not

14 allege any facts concerning Vericrest other than that it was

15 "another mortgage lender."  Id. ¶ 11.

16      Under the loan, Plaintiff borrowed $584,000 to refinance his

17 personal residence in San Bruno.  Id. ¶¶ 3, 4.  The terms of the

18 loan included an initial two-year fixed interest rate of 6.5

19 percent followed by an adjustable rate based on the six-month LIBOR

20 index plus 6.25 percent.  Id. ¶ 4.  Plaintiff states that the loan

21 will eventually adjust to 12.5 percent, bringing Plaintiff's

22 monthly payment from $3,691.28 to $6,232.79, which he characterizes

23 as "extreme payment shock."  Id. ¶ 4.  In addition, the loan has a

24 two-year prepayment penalty requiring Plaintiff to pay six months

25 advance interest if he makes a full prepayment or partial

26 prepayment of more than 20 percent of the original principal amount

27 in any twelve-month period.  Id. ¶ 29.

28      Plaintiff alleges that Defendants designed the loan such that

**United States District Court**
For the Northern District of California

1  negative amortization would occur, making foreclosure inevitable.

2  Id. ¶ 15. Plaintiff alleges that the loan was underwritten without

3  proper due diligence because Wilmington failed to adequately verify

4  Plaintiff's income. Id. ¶ 32.

5  Plaintiff alleges that a forensic audit of Plaintiff's loan

6  documents revealed legal violations in the handling and processing

7  of Plaintiff's loan, giving rise to a number of his causes of

8  action. Id. ¶ 37. While Plaintiff does not claim to be unable to

9  speak English, he does state that English is not his primary

10  language and that he "does not have comprehensive English reading

11  or writing skills" or "an adequate command of the English

12  language." Id. ¶ 31. Plaintiff alleges that he was unable to

13  understand many of the provisions and terms of the loan agreement

14  because documentation was not provided to him in his native

15  language. Id. ¶¶ 31, 117.

16  Plaintiff brings eighteen causes of action against the Movants

17  and other Defendants: (1) declaratory relief; (2) injunctive

18  relief; (3) failure to perfect interest in the deed of trust under

19  California Commercial Code § 9313 ("failure to perfect"); (4)

20  breach of California's covenant of good faith and fair dealing

21  ("bad faith"); (5) violation of the Truth in Lending Act, 15 U.S.C.

22  § 1601 ("TILA"); (6) violation of the Real Estate Settlement

23  Procedures Act, 12 U.S.C. §§ 2601-17 ("RESPA"); (7) violation of

24  California Civil Code §§ 1918-1921; (8) violation of California

25  Civil Code § 1916.7(b)(2); (9) violation of California Civil Code §

26  1916.7(a)(4)(B); (10) violation of California Civil Code § 2932.5;

27  (11) violation of California Civil Code § 1632; (12) rescission;

28  (13) fraud; (14) unfair and deceptive acts and practices ("UDAP");

1    (15) breach of fiduciary duty; (16) unconscionability; (17)

2    predatory lending under California Business and Professions Code §

3    17200 ("UCL"); and (18) quiet title.  <u>Id.</u> at ¶¶ 47-157.

4        Defendant AIG, formerly known as Wilmington Finance,

5    previously brought a Motion to Dismiss the FAC.  ECF No. 22.  On

6    June 6, 2011, the Court granted AIG's motion, dismissing all claims

7    against AIG with prejudice.  ECF No. 34 ("June 6, 2011 Order").

8

9    **III.  <u>LEGAL STANDARD</u>**

10       A motion to dismiss under Federal Rule of Civil Procedure

11   12(b)(6) "tests the legal sufficiency of a claim."  <u>Navarro v.</u>

12   <u>Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

13   on the lack of a cognizable legal theory or the absence of

14   sufficient facts alleged under a cognizable legal theory."

15   <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.

16   1988).  "When there are well-pleaded factual allegations, a court

17   should assume their veracity and then determine whether they

18   plausibly give rise to an entitlement to relief."  <u>Ashcroft v.</u>

19   <u>Iqbal</u>, 129 S. Ct. 1937, 1950 (2009).  However, "the tenet that a

20   court must accept as true all of the allegations contained in a

21   complaint is inapplicable to legal conclusions.  Threadbare

22   recitals of the elements of a cause of action, supported by mere

23   conclusory statements, do not suffice."  <u>Id.</u> (citing <u>Bell Atl.</u>

24   <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  The allegations made

25   in a complaint must be both "sufficiently detailed to give fair

26   notice to the opposing party of the nature of the claim so that the

27   party may effectively defend against it" and "sufficiently

28   plausible" such that "it is not unfair to require the opposing

**United States District Court**
For the Northern District of California

1   party to be subjected to the expense of discovery."   <u>Starr v. Baca</u>,

2   633 F.3d 1191, 1204 (9th Cir. 2011).

3

4   **IV.   <u>DISCUSSION</u>**

5        Plaintiff concedes that his first, second, third, seventh,

6   eighth, ninth, tenth, eleventh, twelfth, sixteenth, and eighteenth

7   causes of action should be dismissed.   Opp'n at 3.   This leaves two

8   federal causes of action -- TILA and RESPA -- and five state law

9   causes of action -- breach of good faith and fair dealing, fraud,

10  UDAP, breach of fiduciary duty, and predatory lending.   Movants

11  argue that all of these claims are time-barred by the applicable

12  statutes of limitation, as they accrued upon consummation of the

13  loan agreement more than six years ago.[1]   Mot. to Dismiss at 9-13.

14  Plaintiff does not dispute the fact that these claims are time-

15  barred, but asks the Court to apply the doctrine of equitable

16  tolling to these claims.   Opp'n at 4.   Citing to the Court's June

17  6, 2011 Order, Movants counter that equitable tolling is

18  inappropriate.   Mot. to Dismiss at 9-13.   For the reasons set forth

19  in the Court's prior order and the reasons set forth below,

20  Plaintiff's remaining claims are time-barred and therefore fail as

21  _____

22  [1] The statute of limitations for TILA damages claims is one year.
    15 U.S.C. § 1640(e).   The statute of limitations for RESPA is one
23  year "from the date of the occurrence of the violation."   12 U.S.C.
    § 2614.   The statute of limitations for non-insurance bad faith
24  claims is four years.   Cal. Civ. Proc. Code § 337(1).   The statute
    of limitations for fraud is three years from the time the plaintiff
25  either discovers the facts giving rise to the fraud or could have
    discovered such facts with reasonable diligence.   <u>April Enters.,</u>
26  <u>Inc. v. KTTV</u>, 147 Cal. App. 3d 805, 827-28 (Ct. App. 1983).   The
    statute of limitations for claims brought under California's Unfair
27  Competition Law ("UCL") is four years.   Cal. Bus. & Prof. Code §
    17208.   The statute of limitations for breach of fiduciary duty is
28  four years from the breach or the time where the plaintiff could
    have discovered the facts concealed through reasonable diligence.
    Cal. Civ. Proc. Code § 343.

5

1   a matter of law.  See June 6, 2011 Order at 6-9.

2        "Generally, the applicability of equitable tolling depends on

3   matters outside the pleadings, so it is rarely appropriate to grant

4   a Rule 12(b)(6) motion to dismiss (where review is limited to the

5   complaint) if equitable tolling is at issue." Huynh v. Chase

6   Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006).  However, a

7   motion to dismiss based on the statute of limitations may be

8   granted "if the assertions of the complaint, read with the required

9   liberality, would not permit the plaintiff to prove that the

10  statute was tolled." Vernon v. Heckler, 811 F.2d 1274, 1278 (9th

11  Cir. 1987) (citation and quotations omitted).  "Equitable tolling

12  may be applied if, despite all due diligence, a plaintiff is unable

13  to obtain vital information bearing on the existence of his claim."

14  Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000)

15  (overruled on other grounds by Socop-Gonzalez v. Immigration and

16  Naturalization Serv., 272 F.3d 1176, 1194 (9th Cir. 2000)).

17       Regarding Plaintiff's TILA claim, the Supreme Court has held

18  that TILA's rescission remedy is completely extinguished at the end

19  of the three-year limitations period and is not subject to

20  equitable tolling.  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 413

21  (1998).  Therefore, to the extent Plaintiff seeks rescission under

22  TILA, his claim is barred.  A TILA claim for damages under 15

23  U.S.C. § 1640(e), however, may be subject to equitable tolling,

24  suspending the limitations period "until the borrower discovers or

25  had reasonable opportunity to discover the fraud or nondisclosures

26  that form the basis of the TILA action." King v. California, 784

27  F.2d 910, 915 (9th Cir. 1986).  Plaintiff contends that equitable

28  tolling is appropriate because loan documents were not provided to

United States District Court
For the Northern District of California

6

1    Plaintiff in his native language.  Opp'n at 6.  The Court rejected

2    this same argument in its prior order.  June 6, 2011 Order at 6-7.

3    Moreover, equitable tolling is inappropriate where, as here,

4    "nothing prevented the plaintiff from comparing the disclosures

5    made with the disclosures required under TILA."  Glaser v.

6    Advantage Fin., 2011 U.S. Dist. LEXIS 52692, at *13-14 (N.D. Cal.

7    May 5, 2011); see also Romero v. Mortgage Co., 2011 U.S. Dist.

8    LEXIS 69673, at *9 (N.D. Cal. June 28, 2011).  Accordingly,

9    Plaintiff's TILA claim fails as a matter of law.

10       With respect to Plaintiff's RESPA claim, Plaintiff argues that

11   equitable tolling is consistent with RESPA's purpose of ensuring

12   disclosure of settlement costs and eliminating kickbacks and

13   referral fees.  Opp'n at 6-7.  The Court addressed this same

14   argument in its June 6, 2011 Order and found that equitable tolling

15   was not appropriate.  June 6, 2011 Order at 8.  Accordingly,

16   Plaintiff's RESPA claim fails as a matter of law.

17       As for Plaintiff's remaining state law causes of action,

18   equitable tolling "halts the running of the limitations period so

19   long as the plaintiff uses reasonable care and diligence in

20   attempting to learn the facts that would disclose the defendant's

21   fraud or other misconduct."  Sagehorn v. Engle, 141 Cal. App. 4th

22   452, 460 (Ct. App. 2006) (citation and quotations omitted).  "To

23   establish that equitable tolling applies, a plaintiff must prove

24   the following elements: fraudulent conduct by the defendant

25   resulting in concealment of the operative facts, failure of the

26   plaintiff to discover the operative facts that are the basis of its

27   cause of action within the limitations period, and due diligence by

28   the plaintiff until discovery of those facts."  Id. at 460-61

**United States District Court**
For the Northern District of California

(citation and quotations omitted).

Plaintiff's only allegation of fraudulent conduct resulting in concealment is that loan documents were provided to him in English, for which he does not have "comprehensive . . . reading or writing skills." See FAC ¶¶ 31-32; Opp'n at 6-7. As the Court held in its prior order, this argument fails as a matter of law. June 6, 2011 Order at 8-9. Further, Plaintiff "failed to exercise due diligence by seeking help from a person capable of understanding the loan documents before he signed them." Id. at 9. Accordingly, Plaintiff's remaining state law causes of action fail as a matter of law.

The Court thus finds that even when the FAC is read liberally and the facts pleaded are assumed to be true, Plaintiff cannot, as a matter of law, prove equitable tolling of the respective statute of limitations. Therefore, the Court DISMISSES, WITH PREJUDICE, the remaining causes of action brought against Movants.

///
///
///
///
///
///
///
///
///
///
///
///

**United States District Court**
For the Northern District of California

V.   <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS Movants' Motion to Dismiss and DISMISSES, WITH PREJUDICE, all causes of action brought against Defendants Mortgage Electronic Registration Systems, Inc. and Vericrest Financial, Inc. in Plaintiff Catarino Mendoza's First Amended Complaint.  Further, the Court DENIES Defendants Mortgage Electronic Registration Systems, Inc. and Vericrest Financial, Inc.'s Motion to Strike as moot.

IT IS SO ORDERED.

Dated: September 21, 2011

_____
UNITED STATES DISTRICT JUDGE