United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATARINO MENDOZA, | Case No. C-10-5792 SC |
| Plaintiff, | ORDER GRANTING MERS AND VERICREST'S MOTION TO DISMISS AND DENYING MERS AND VERICREST'S MOTION TO STRIKE |
| v. | |
| WILMINGTON FINANCE; FIVE STAR INVESTMENT AND REALTY; NEW CENTURY; NORTH AMERICAN TITLE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; VERICREST FINANCIAL, INC.; and DOES 1 through 100, inclusive, | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff Catarino Mendoza ("Plaintiff") commenced this action on December 20, 2010, seeking damages, declaratory, and injunctive relief for claims arising out of a 2005 mortgage agreement.  ECF No. 1 ("Compl.").  Plaintiff filed a First Amended Complaint ("FAC") on February 11, 2011.  ECF No. 7 ("FAC").  Now before the Court are a Motion to Dismiss and a Motion to Strike Plaintiff's FAC brought by Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Vericrest Financial, Inc. ("Vericrest") (collectively "Movants").  ECF Nos. 37 ("Mot. to Dismiss"); 39

**United States District Court**
For the Northern District of California

("Mot. to Strike").  Plaintiff filed an Opposition to both motions
and Movants filed a Reply.  ECF Nos. 42 ("Opp'n"), 43 ("Reply").
For the following reasons, the Court GRANTS Movants' Motion to
Dismiss, dismissing all claims against Movants WITH PREJUDICE, and
DENIES Movants' Motion to Strike as moot.

**II.  BACKGROUND**

The following allegations are taken from Plaintiff's FAC.
Plaintiff is a resident of San Bruno, California.  FAC ¶ 1.  Around
February 9, 2005, Plaintiff entered into two loan repayment and
security agreements with defendant Wilmington Finance
("Wilmington").  Id. ¶ 3.  MERS is the "current mortgage
nominee/beneficiary" of the loan.  Id. ¶ 10.  Plaintiff does not
allege any facts concerning Vericrest other than that it was
"another mortgage lender."  Id. ¶ 11.

Under the loan, Plaintiff borrowed $584,000 to refinance his
personal residence in San Bruno.  Id. ¶¶ 3, 4.  The terms of the
loan included an initial two-year fixed interest rate of 6.5
percent followed by an adjustable rate based on the six-month LIBOR
index plus 6.25 percent.  Id. ¶ 4.  Plaintiff states that the loan
will eventually adjust to 12.5 percent, bringing Plaintiff's
monthly payment from $3,691.28 to $6,232.79, which he characterizes
as "extreme payment shock."  Id. ¶ 4.  In addition, the loan has a
two-year prepayment penalty requiring Plaintiff to pay six months
advance interest if he makes a full prepayment or partial
prepayment of more than 20 percent of the original principal amount
in any twelve-month period.  Id. ¶ 29.

Plaintiff alleges that Defendants designed the loan such that

United States District Court
For the Northern District of California

negative amortization would occur, making foreclosure inevitable.
Id. ¶ 15.  Plaintiff alleges that the loan was underwritten without
proper due diligence because Wilmington failed to adequately verify
Plaintiff's income.  Id. ¶ 32.

Plaintiff alleges that a forensic audit of Plaintiff's loan
documents revealed legal violations in the handling and processing
of Plaintiff's loan, giving rise to a number of his causes of
action.  Id. ¶ 37.  While Plaintiff does not claim to be unable to
speak English, he does state that English is not his primary
language and that he "does not have comprehensive English reading
or writing skills" or "an adequate command of the English
language."  Id. ¶ 31.  Plaintiff alleges that he was unable to
understand many of the provisions and terms of the loan agreement
because documentation was not provided to him in his native
language. Id. ¶¶ 31, 117.

Plaintiff brings eighteen causes of action against the Movants
and other Defendants: (1) declaratory relief; (2) injunctive
relief; (3) failure to perfect interest in the deed of trust under
California Commercial Code § 9313 ("failure to perfect"); (4)
breach of California's covenant of good faith and fair dealing
("bad faith"); (5) violation of the Truth in Lending Act, 15 U.S.C.
§ 1601 ("TILA"); (6) violation of the Real Estate Settlement
Procedures Act, 12 U.S.C. §§ 2601-17 ("RESPA"); (7) violation of
California Civil Code §§ 1918-1921; (8) violation of California
Civil Code § 1916.7(b)(2); (9) violation of California Civil Code §
1916.7(a)(4)(B); (10) violation of California Civil Code § 2932.5;
(11) violation of California Civil Code § 1632; (12) rescission;
(13) fraud; (14) unfair and deceptive acts and practices ("UDAP");

1  (15) breach of fiduciary duty; (16) unconscionability; (17)

2  predatory lending under California Business and Professions Code §

3  17200 ("UCL"); and (18) quiet title.  Id. at ¶¶ 47-157.

4        Defendant AIG, formerly known as Wilmington Finance,

5  previously brought a Motion to Dismiss the FAC.  ECF No. 22.  On

6  June 6, 2011, the Court granted AIG's motion, dismissing all claims

7  against AIG with prejudice.  ECF No. 34 ("June 6, 2011 Order").

8

9  **III.  LEGAL STANDARD**

10        A motion to dismiss under Federal Rule of Civil Procedure

11  12(b)(6) "tests the legal sufficiency of a claim."  Navarro v.

12  Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

13  on the lack of a cognizable legal theory or the absence of

14  sufficient facts alleged under a cognizable legal theory."

15  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

16  1988).  "When there are well-pleaded factual allegations, a court

17  should assume their veracity and then determine whether they

18  plausibly give rise to an entitlement to relief."  Ashcroft v.

19  Iqbal, 129 S. Ct. 1937, 1950 (2009).  However, "the tenet that a

20  court must accept as true all of the allegations contained in a

21  complaint is inapplicable to legal conclusions.  Threadbare

22  recitals of the elements of a cause of action, supported by mere

23  conclusory statements, do not suffice."  Id. (citing Bell Atl.

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  The allegations made

25  in a complaint must be both "sufficiently detailed to give fair

26  notice to the opposing party of the nature of the claim so that the

27  party may effectively defend against it" and "sufficiently

28  plausible" such that "it is not unfair to require the opposing

United States District Court
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1 party to be subjected to the expense of discovery." <u>Starr v. Baca</u>,

2 633 F.3d 1191, 1204 (9th Cir. 2011).

3

4 **IV.   DISCUSSION**

5      Plaintiff concedes that his first, second, third, seventh,

6 eighth, ninth, tenth, eleventh, twelfth, sixteenth, and eighteenth

7 causes of action should be dismissed.  Opp'n at 3.  This leaves two

8 federal causes of action -- TILA and RESPA -- and five state law

9 causes of action -- breach of good faith and fair dealing, fraud,

10 UDAP, breach of fiduciary duty, and predatory lending.  Movants

11 argue that all of these claims are time-barred by the applicable

12 statutes of limitation, as they accrued upon consummation of the

13 loan agreement more than six years ago.[1]  Mot. to Dismiss at 9-13.

14 Plaintiff does not dispute the fact that these claims are time-

15 barred, but asks the Court to apply the doctrine of equitable

16 tolling to these claims.  Opp'n at 4.  Citing to the Court's June

17 6, 2011 Order, Movants counter that equitable tolling is

18 inappropriate.  Mot. to Dismiss at 9-13.  For the reasons set forth

19 in the Court's prior order and the reasons set forth below,

20 Plaintiff's remaining claims are time-barred and therefore fail as

21 _____

22 [1] The statute of limitations for TILA damages claims is one year.
15 U.S.C. § 1640(e).  The statute of limitations for RESPA is one
23 year "from the date of the occurrence of the violation."  12 U.S.C.
§ 2614.  The statute of limitations for non-insurance bad faith
24 claims is four years.  Cal. Civ. Proc. Code § 337(1).  The statute
of limitations for fraud is three years from the time the plaintiff
25 either discovers the facts giving rise to the fraud or could have
discovered such facts with reasonable diligence.  <u>April Enters.,</u>
26 <u>Inc. v. KTTV</u>, 147 Cal. App. 3d 805, 827-28 (Ct. App. 1983).  The
statute of limitations for claims brought under California's Unfair
27 Competition Law ("UCL") is four years.  Cal. Bus. & Prof. Code §
17208.  The statute of limitations for breach of fiduciary duty is
28 four years from the breach or the time where the plaintiff could
have discovered the facts concealed through reasonable diligence.
Cal. Civ. Proc. Code § 343.

1  a matter of law.  See June 6, 2011 Order at 6-9.

2      "Generally, the applicability of equitable tolling depends on

3  matters outside the pleadings, so it is rarely appropriate to grant

4  a Rule 12(b)(6) motion to dismiss (where review is limited to the

5  complaint) if equitable tolling is at issue." Huynh v. Chase

6  Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006).  However, a

7  motion to dismiss based on the statute of limitations may be

8  granted "if the assertions of the complaint, read with the required

9  liberality, would not permit the plaintiff to prove that the

10  statute was tolled." Vernon v. Heckler, 811 F.2d 1274, 1278 (9th

11  Cir. 1987) (citation and quotations omitted).  "Equitable tolling

12  may be applied if, despite all due diligence, a plaintiff is unable

13  to obtain vital information bearing on the existence of his claim."

14  Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000)

15  (overruled on other grounds by Socop-Gonzalez v. Immigration and

16  Naturalization Serv., 272 F.3d 1176, 1194 (9th Cir. 2000)).

17      Regarding Plaintiff's TILA claim, the Supreme Court has held

18  that TILA's rescission remedy is completely extinguished at the end

19  of the three-year limitations period and is not subject to

20  equitable tolling. Beach v. Ocwen Fed. Bank, 523 U.S. 410, 413

21  (1998).  Therefore, to the extent Plaintiff seeks rescission under

22  TILA, his claim is barred.  A TILA claim for damages under 15

23  U.S.C. § 1640(e), however, may be subject to equitable tolling,

24  suspending the limitations period "until the borrower discovers or

25  had reasonable opportunity to discover the fraud or nondisclosures

26  that form the basis of the TILA action." King v. California, 784

27  F.2d 910, 915 (9th Cir. 1986).  Plaintiff contends that equitable

28  tolling is appropriate because loan documents were not provided to

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  Plaintiff in his native language.  Opp'n at 6.  The Court rejected

2  this same argument in its prior order.  June 6, 2011 Order at 6-7.

3  Moreover, equitable tolling is inappropriate where, as here,

4  "nothing prevented the plaintiff from comparing the disclosures

5  made with the disclosures required under TILA."  <u>Glaser v.</u>

6  <u>Advantage Fin.</u>, 2011 U.S. Dist. LEXIS 52692, at *13-14 (N.D. Cal.

7  May 5, 2011); <u>see also</u> <u>Romero v. Mortgage Co.</u>, 2011 U.S. Dist.

8  LEXIS 69673, at *9 (N.D. Cal. June 28, 2011).  Accordingly,

9  Plaintiff's TILA claim fails as a matter of law.

10      With respect to Plaintiff's RESPA claim, Plaintiff argues that

11  equitable tolling is consistent with RESPA's purpose of ensuring

12  disclosure of settlement costs and eliminating kickbacks and

13  referral fees.  Opp'n at 6-7.  The Court addressed this same

14  argument in its June 6, 2011 Order and found that equitable tolling

15  was not appropriate.  June 6, 2011 Order at 8.  Accordingly,

16  Plaintiff's RESPA claim fails as a matter of law.

17      As for Plaintiff's remaining state law causes of action,

18  equitable tolling "halts the running of the limitations period so

19  long as the plaintiff uses reasonable care and diligence in

20  attempting to learn the facts that would disclose the defendant's

21  fraud or other misconduct."  <u>Sagehorn v. Engle</u>, 141 Cal. App. 4th

22  452, 460 (Ct. App. 2006) (citation and quotations omitted).  "To

23  establish that equitable tolling applies, a plaintiff must prove

24  the following elements: fraudulent conduct by the defendant

25  resulting in concealment of the operative facts, failure of the

26  plaintiff to discover the operative facts that are the basis of its

27  cause of action within the limitations period, and due diligence by

28  the plaintiff until discovery of those facts."  <u>Id.</u> at 460-61

United States District Court
For the Northern District of California

1    (citation and quotations omitted).

2        Plaintiff's only allegation of fraudulent conduct resulting in
3    concealment is that loan documents were provided to him in English,
4    for which he does not have "comprehensive . . . reading or writing
5    skills." See FAC ¶¶ 31-32; Opp'n at 6-7. As the Court held in its
6    prior order, this argument fails as a matter of law. June 6, 2011
7    Order at 8-9. Further, Plaintiff "failed to exercise due diligence
8    by seeking help from a person capable of understanding the loan
9    documents before he signed them." Id. at 9. Accordingly,
10   Plaintiff's remaining state law causes of action fail as a matter
11   of law.

12       The Court thus finds that even when the FAC is read liberally
13   and the facts pleaded are assumed to be true, Plaintiff cannot, as
14   a matter of law, prove equitable tolling of the respective statute
15   of limitations. Therefore, the Court DISMISSES, WITH PREJUDICE,
16   the remaining causes of action brought against Movants.

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**United States District Court**
For the Northern District of California

V.   **CONCLUSION**

For the foregoing reasons, the Court GRANTS Movants' Motion to Dismiss and DISMISSES, WITH PREJUDICE, all causes of action brought against Defendants Mortgage Electronic Registration Systems, Inc. and Vericrest Financial, Inc. in Plaintiff Catarino Mendoza's First Amended Complaint.  Further, the Court DENIES Defendants Mortgage Electronic Registration Systems, Inc. and Vericrest Financial, Inc.'s Motion to Strike as moot.

IT IS SO ORDERED.

Dated: September 21, 2011         

UNITED STATES DISTRICT JUDGE